IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cr-30153-DWD |
| | ) |
| RICHARD SCOTT MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on the Joint Motion filed by the United States of America and Defendant Richard Scott Myers seeking an Order authorizing the immediate interlocutory sale of real property located at 6 North Shore Drive, Worden, Illinois, which is legally described as:

> Parcel 1: Lot 41 in Wildewood Cove, a subdivision of part of Sections 34 and 35, in Township 6 North, Range 7 West of the Third Principal Meridian, as shown on the plat thereof recorded in Plat Cabinet 60 Page 118, (except that part conveyed to Jerry Trober and Linda Trober by Warranty Deed recorded August 12, 2002 in Book 4508 Page 1286, described as follows: Part of Lot 41 in Wildewood Cove, a subdivision of part of the Northeast Quarter of Section 34 and part of the Northwest Quarter of Section 35, Township 6 North, Range 7 West of the Third Principal Meridian, Village of Worden, Madison County, Illinois as recorded in Plat Cabinet 60 Page 118, part of Lot 41 being more particularly described as follows: Beginning at the most Northerly corner of Lot 41, said corner being the most Western corner common to Lot 41 and Lot 42; thence South 62 degrees 08 minutes 31 seconds East, along the Northeasterly line of said Lot 41, a distance of 108.44 feet to a point on elevation 550 (normal pool elevation of lake); thence Southwesterly along said elevation 550 to a point being South 36 degrees 29 minutes 36 seconds West, 20.51 feet from the last stated point; thence North 51 degrees 15 minutes 00 seconds West, a distance of 107.30 feet to the point

of beginning, containing 0.025 acres, more or less), in Madison County, Illinois,

Parcel 2: Part of Lot 40 in Wildewood Cove, a subdivision of part of the Northeast Quarter of Section 34, and part of the Northwest Quarter of Section 35, Township 6 North, Range 7 West of the Third Principal Meridian, Village of Worden, Madison County, Illinois as recorded in Plat Cabinet 60 Page 118, part of Lot 40 being more particularly described as follows: Beginning at the most Easterly corner of Lot 40, said corner being the most Northerly corner common to Lot 40 and 41 of said Wildewood Cove; thence South 37 degrees 02 minutes 00 seconds West, along the Easterly line of said Lot 40, a distance of 106.15 feet to a point on elevation 550 (normal pool elevation of lake); thence Northwesterly along said elevation 550 to a point being North 81 degrees 18 minutes 10 seconds West, 45.47 feet from last stated point; thence North 44 degrees 26 minutes 04 seconds East, a distance of 134.31 feet to a point on the Northeasterly line of said Lot 40, said point being the beginning of a 50.00 foot radius non tangent curve to the left whose center bears North 64 degrees 03 minutes 25 seconds East; thence Southwesterly, along said Northeasterly line of Lot 40 and along said curve, through a central angle of 27 degrees 01 minutes 25 seconds, for an arc distance of 23.58 feet to the point of beginning, containing 0.8 acres, more or less, in Madison County, Illinois. Parcel Identification No. 12-2-04-34-12-201-024.

Pursuant to Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7) of the Federal Rules of Civil Procedure, the Court has authority to approve the interlocutory sale of real property that is subject to forfeiture upon finding, amount other things, that property is subject to a mortgage or to taxes on which the owner is in default, or for other good cause. *See* Supplemental Rule G(7)(b)(i). The Court must approve the aspects and procedures of an agreed interlocutory sale. *See* Supplemental Rule G(7)(b)(ii). Sale proceeds from an interlocutory sale of real property "are a substitute res subject to forfeiture in place of the property that was sold." Supplemental Rule (G)(b)(iv).

In light of the foregoing authority and the representations made by the parties in

their stipulated motion, the Court finds that good cause exists for an order approving the agreed interlocutory sale of **6 North Shore Drive, Worden, Illinois** property. Accordingly,

**IT IS HEREBY ORDERED** that the Stipulated Motion for Interlocutory Sale of Real Property (Doc. 56) is **granted.**

**IT IS FURTHER ORDERED** that the 6 North Shore Drive, Worden, Illinois property may be sold according to the agreed provisions in the Stipulated Motion, including, without limitation, the following:

   a) The prospective buyer must be approved by the United States before the 6 North Shore Drive, Worden, Illinois property may be sold, and the United States, at its sole discretion, must be satisfied that any proposed transaction involving purchase of the 6 North Shore Drive, Worden, Illinois property is an arms-length transaction.
   b) The United States must be consulted *and* approve, in writing, all terms and conditions of any proposed sale of the 6 North Shore Drive, Worden, Illinois
   c) property, including the proposed sale price and *all* distribution of sale proceeds.

**IT IS FURTHER ORDERED** that the proceeds from the sale of the 6 North Shore Drive, Worden, Illinois property shall be disbursed in the following priority and order:

   a) All costs of sale, including closing costs, title insurance, recording fees, escrow fees, and sales commissions associated with the sale of the 6 North Shore Drive, Worden, Illinois property to be paid at the time of closing; and
   b) Any unpaid real property taxes, fees (including HOA fees), interest, and penalties accruing on the 6 North Shore Drive, Worden, Illinois property due and owing to any municipal, county, or state authority.

**IT IS FURTHER ORDERED** that, pursuant to Supplemental Rule G(7)(b)(iv), the sale proceeds from the sale of the 6 North Shore Drive, Worden, Illinois property shall be substitute res and subject to forfeiture in place of the 6 North Shore Drive, Worden, Illinois property that is sold, and that the United States Marshal's Service will deposit and retain the net proceeds pending further order of this court.

**SO ORDERED.**

Dated: August 6, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
