IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,     )
            )
    Plaintiff,          )
            )
vs.                 )    Case No. 24-CR-30153-DWD
            )
DANA C. HOWARD, RICHARD   )
SCOTT MYERS, and GLENN     )
SUNQUIST,           )
            
    Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Richard Scott Myers' Motion to Dismiss Counts Related to PPP Loan Applications and Forgiveness[1] Based on the Due Process Clause and the Rule of Lenity. (Doc. 84). The United States has filed a memorandum in opposition. (Doc. 93). The Court heard oral argument from the parties on May 14, 2026. For the reasons that follow, the motion is **DENIED**.

## I.  BACKGROUND

On November 20, 2024, Dana C. Howard, Glenn Sunquist, and Myers were named as co-defendants in a 13-count indictment. According to the indictment, Howard and Myers were co-owners of Zoie LLC ("Zoie") and Zade Trucking ("Zade"). Sunquist was an employee hired to handle bookkeeping for the businesses.

The indictment alleges that, beginning in approximately April 2020, Howard and Myers conspired to defraud the United States and the Small Business Administration.

---

[1] Counts 1 through 5 of the Indictment.

They allegedly obtained a Paycheck Protection Program ("PPP") loan of approximately $1.426 million through false representations and then misused and diverted the loan proceeds. Specifically, Howard and Myers are accused of participating in a scheme to fraudulently secure and misuse the PPP funds and to conceal their use of those proceeds through various financial transactions and bankruptcy filings. The defendants allegedly prepared and executed the PPP loan application and related certifications, received the funds into accounts controlled by their companies, converted the proceeds into cashier's checks and other transfers, and later submitted requests for loan forgiveness while hiding how the money had actually been used. The indictment further claims that both Howard and Myers initiated bankruptcy proceedings while still in possession of PPP-derived funds and made false statements in those proceedings concerning their assets and bankruptcy status.

Counts 1 through 5 arise from conduct relating to a PPP loan occurring between April 2020 and October 2022. During that period, the United States Small Business Administration (SBA), the agency responsible for administering the PPP loan program, revised its guidance on PPP loan compliance twenty-four separate times. Defendant notes that this was "in addition to the CARES Act and the CFR provisions implementing temporary rules, interim final rules, and final rules." (Doc. 84, pg. 2). According to Defendant, the resulting regulatory uncertainty requires dismissal of Counts 1 through 5 pursuant to the Due Process Clause of the Fifth Amendment and the rule of lenity.

The Government counters, noting that Defendant is not charged with violating PPP regulations. Rather, Defendant is charged with federal fraud and false-statement

offenses, including conspiracy to commit wire fraud, wire fraud, making false statements, and engaging in monetary transactions involving criminally derived funds. The Government maintains that these statutes prohibit schemes to obtain money through intentional deception and knowingly false representations. The Government argues that, because the application of these statutes does not depend on the clarity of the PPP program's guidance, the motion should be denied.

## II.    DISCUSSION

The Fifth Amendment's Due Process Clause requires criminal statutes to provide fair warning of the conduct they prohibit. In *United States v. Lanier*, the Supreme Court identified three related manifestations of this requirement:

> First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Second, ... the canon of strict construction of criminal statutes, or rule or lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct covered. Third, ... due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.

*United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (citations omitted); *see also United States v. Balint*, 201 F.3d 928, 934 (7th Cir. 2000). In all three contexts, the central question is "whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Lanier*, 520 U.S. at 267, 117 S.Ct. 1219.

Because Defendant's challenge is not premised on the First Amendment, it is an as-applied challenge, not a facial one. *United States v. Calimlim*, 538 F.3d 706, 710–11 (7th Cir. 2008). The Court further notes that a scienter requirement in a statute significantly alleviates vagueness concerns. *McFadden v. United States,* 135 S. Ct. 2298, 2307 (2015). The presence of a scienter element makes a defendant's vagueness burden "very difficult to carry." *Calimlim,* 538 at 711; *see also United States v. Cherry*, 938 F.2d 748, 754 (7th Cir. 1991) (proof of intent and knowledge does "much to destroy any force in the argument that application of the statute would be so unfair that it must be held invalid.") (internal quotations omitted).

Counts 1-3 charge conspiracy to commit wire fraud and wire fraud in violation of 18 U.S.C. §§ 1349 and 1343. These offenses require (1) participation in a scheme to defraud, (2) intent to defraud, and (3) use of interstate wires in furtherance of the fraud. *United States v. Sheneman*, 682 F.3d 623, 628–29 (7th Cir. 2012); 18 U.S.C. §§ 1349, 1343. Count 4 charges making materially false statements in violation of 18 U.S.C. § 1001(a)(2), which requires proof that (1) the defendant made a statement or representation; (2) that the statement or representation was false; (3) the defendant did so knowingly and willfully; (4) that the statement was material; and (5) that the statement was made in a matter within the jurisdiction of the federal government. *United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013). Count 5 charges money-laundering violation under 18 U.S.C. § 1957, which requires proof of "the unlawful activity that generated 'proceeds' and then the monetary transaction conducted with the criminal proceeds." *United States v. Kelerchian*, 937 F.3d 895, 908 (7th Cir. 2019).

Because each of the charged statutes requires proof of knowing falsehoods or intentional deception in connection with obtaining or using money or property, Defendant's vagueness burden is "very difficult to carry." *Calimlim,* 538 F.3d 706, 711 (7th Cir. 2008). The conduct alleged in the indictment, submitting false information to obtain PPP loan funds and misappropriating those funds,[2] falls within the plain language of 18 U.S.C. §§ 1343, 1349, 1001(a)(2), and 1957. Defendant's argument that regulatory uncertainty in SBA guidance or CARES Act implementing rules renders these prosecutions unconstitutionally vague is therefore unpersuasive. Defendant is not charged with violating any SBA regulation or provision of the CARES Act. He is charged with violating federal criminal statutes that unambiguously prohibit schemes to obtain money through material false statements and the knowing use of criminally derived proceeds. Any ambiguity in collateral program guidance does not inject vagueness into these criminal prohibitions or deprive Defendant of fair notice that lying to obtain government funds is illegal.

A criminal statute is unconstitutionally vague only if it "fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015). The statutes charged here contain no such defect. Likewise, the rule of

---

[2] The Indictment alleges that Defendants made material false statements on their PPP loan applications and certifications by representing that the funds would be used "for payroll" and "to retain workers and maintain payroll or make mortgage interest, lease, and utility payments," when they instead used the proceeds for personal enrichment, including writing checks to themselves, obtaining cashier's checks, transferring funds to others, and purchasing a residential home. It does not charge Defendants with violating PPP program rules in and of itself.

lenity applies only when, after exhausting traditional tools of statutory construction, there remains a "grievous ambiguity" in the criminal statute itself. *See*, e.g., *United States v. Pace*, 48 F.4th 741 (7th Cir. 2022). No such grievous ambiguity exists in the subject statutes.

Numerous district courts, considering similar arguments, have reached the same conclusion. *See* e.g., *United States v. Mansouri*, No. 1:22-CR-00034-LJV-MJR, 2023 WL 9100641, at *4 n.1 (W.D.N.Y. June 29, 2023), report and recommendation adopted, 2023 WL 8430239 (W.D.N.Y. Dec. 5, 2023) (rejecting the defendant's "attempt to blur the lines between SBA rules about PPP loans and the elements of a fraud offense."); *United States v. Crowther*, No. 2:20-CR-114-JES-MRM, 2021 WL 2583554, at *2 (M.D. Fla. June 23, 2021), aff'd, No. 21-12255, 2023 WL 3813509 (11th Cir. June 5, 2023) (denying motion for post-verdict relief, explaining that the defendant "was not charged with violating the CARES Act," that the charged offenses related "to defendant's misrepresentations to secure a loan, and then the use of the loan proceeds for various monetary transactions," and that his reliance on CARES Act ambiguity was "misplaced."); *United States v. Borgheriu* No. 4:22-CR-06040-MKD, 2023 WL 8634784, at *3–5 (E.D. Wash. Dec. 13, 2023) (rejecting a vagueness challenge premised on an SBA regulation because the defendant "is not under Indictment for alleged violations of [the regulation]" but was instead charged under unambiguous criminal statutes prohibiting wire fraud and false claims); *United States v. Kjar*, No. 4:24CR331 HEA, 2024 WL 5088850 (E.D. Mo. Dec. 12, 2024) (denying motion to dismiss a false-statement charge under 18 U.S.C. § 1014 arising from a PPP loan, holding that the indictment properly charged the elements of § 1014, not any CARES Act

violation, and rejecting vagueness and lenity arguments that improperly looked beyond the charging statute to collateral PPP rules).

Similarly, in *United States v. Schampers,* No. 22-CR-31, 2023 WL 1098445 (E.D. Wis. Jan. 30, 2023), the United States District Court for the Eastern District of Wisconsin rejected efforts to conflate SBA program rules with the elements of wire fraud. The court prohibited the government from arguing that the defendant's purchase of residential property was a *per se* prohibited use of PPP loan proceeds, emphasizing that the defendant was "charged with Wire Fraud, not violation of the PPP." The court explained that the issue at trial would be whether the defendant, with intent to defraud, "falsely claimed that he intended to spend the loan proceeds on payroll, lease and mortgage expenses, interest, and utilities," and whether any such representation, if false, was material." *Id.* at *4.

Here, as in *Schampers*, the question is whether the defendant acted fraudulently, not whether he violated interim rules governing the PPP. Further, to the extent that Defendant's argument pertains to factual disputes about his knowledge or understanding of SBA guidance, those disputes go to his intent and are questions for the jury, not a basis for dismissal. *Morissette v. United States*, 342 U.S. 246, 274 (1952) ("Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury."); *see also United States v. Borgheriu* No. 4:22-CR-06040-MKD, 2023 WL 8634784, at *3–5 (E.D. Wash. Dec. 13, 2023) (disputes over defendant's awareness of SBA rules, reasonable interpretations of loan documents,

and beliefs about permissible uses of funds "remain in dispute" and "are questions for the jury, not the Court").

### III.    Conclusion

For these reasons, Defendant Richard Scott Myers' Motion to Dismiss Counts Related to PPP Loan Applications and Forgiveness Based on the Due Process Clause and the Rule of Lenity. (Doc. 84) is **DENIED**.

**SO ORDERED.**

Dated: June 8, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.06.08 22:31:41 -05'00'

_____

DAVID W. DUGAN
United States District Judge